**Kenneth ADAMS et al., Plaintiffs,**

v.

**Caspar W. WEINBERGER, Individually and as Secretary of the Department of Health, Education and Welfare, et al., Defendants.**

**Civ. A. No. 3095–70.**

United States District Court,
District of Columbia,
Civil Division.

March 14, 1975.

Joseph L. Rauh, Jr., John Silard, Elliott C. Lichtman, Washington, D. C., for plaintiffs.

David J. Anderson, Dept. of Justice, Washington, D. C., for defendants.

## SUPPLEMENTAL ORDER

JOHN H. PRATT, District Judge.

This cause came before this Court upon plaintiffs' Motion for Further Relief and the Opposition of the defendants thereto. After a review of the en-

tire record, the Court inclines to the belief that substantial progress has been made in this difficult and complex area. On the other hand, without deprecating the value of voluntary settlement of these problems, there appears to be an over-reliance by HEW on the use of voluntary negotiations over protracted time periods and a "reluctance in recent years to use the administrative sanction process where school districts are known to be in non-compliance * * *" Report of United States Commission on Civil Rights, January 22, 1975, page 131, n. 1. Having considered the motion and opposition and the record before it, this Court enters the following findings and remedial provisions.

A. *125 Substantial Racial Disproportion Districts.*

█ As this Court found in its February 16, 1973 Order,[1] the Supreme Court in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971) enunciated "a presumption against schools that are substantially disproportionate in their racial composition." In Appendix B of that February 16, 1973 Order, the Court listed 85 southern school districts having one or more schools substantially disproportionate in their composition (because at least a 20% disproportion existed between the percentage of local minority pupils in the schools and the percentage in the entire school district). HEW not having required any of these 85 school districts to explain or rebut the substantial racial disproportions in the schools, this Court enjoined HEW to communicate with each of the districts within 60 days, putting them on notice to rebut or explain the disproportions in one or more of their schools. HEW took appropriate action pursuant to this Order and substantial compliance progress resulted therefrom. However, the record now reveals an additional 125 southern "HEW school districts" with one or more schools substantially disproportionate in their racial composition (see Attachment A), where HEW has not sought an explanation or rebuttal from the school district.

WHEREFORE, in supplementation of ¶ III B(1) of this Court's Order of February 16, 1973, defendants, their successors, agents and employees are required and enjoined within 60 days of the date of this Order to communicate with each of the 125 districts listed in Attachment A, putting them on notice to rebut or explain the substantial racial disproportion in one or more of the districts' schools.

B. *293 Districts With Allegations of Miscellaneous Violations.*

Plaintiffs' Motion for Further Relief alleges that there are 293 additional districts where HEW has found presumptive Title VI violations. The deposition and affidavit of Dr. Lloyd R. Henderson, indicate however that the statistical data[2] on which this allegation is based demonstrate possible Title VI problems and not presumptive violations. We accept ,for the present HEW's assertion that one of the purposes of the Enforcement Analysis Tables compiled on a nationwide basis was to provide an indication of those districts which might be likely candidates for Title VI compliance activity and to aid in the determination of priorities.

WHEREFORE, plaintiffs' request for further relief in this area is denied at this time.

C. *6 ESAA Districts.*

█ With respect to 116 elementary and secondary school districts, where HEW had found probable violations of Title VI, this Court's February 16, 1973 Order held that the time permitted by Title VI for securing voluntary compliance before commencing enforcement

---

1. Adams v. Richardson, 356 F.Supp. 92 (D.C. 1973), affirmed in pertinent part, 480 F.2d 1159 (D.C.Cir. 1973).

2. The data were extracted from Office of Civil Rights 1972–1973 Enforcement Analysis Tables.

proceedings had long since passed (¶¶ II A(5); III(A)(7)). HEW had found the districts in violation or presumptive violation of Title VI and had failed during substantial periods of time to achieve voluntary compliance. Accordingly, the Court ordered HEW within 60 days to commence enforcement proceedings by administrative notice of hearing or any other means authorized by law against each of the districts in order to effect compliance with Title VI. In the spring of 1973, HEW declared 17 HEW districts in the south ineligible for funding under the Emergency School Aid Act of 1972 because of substantial civil rights violations. Nine districts were the subject of HEW enforcement activity pursuant to specific directives of this Court's February 16, 1973 Order. Since the filing of the present Motion for Further Relief, Orangeburg, South Carolina has been found eligible for ESAA funding and Charles County, Maryland, has submitted a student assignment plan acceptable to HEW. In the remaining 6 districts, however, HEW has made no efforts to effectuate compliance with Title VI after indication of substantial civil rights violations.

WHEREFORE, in supplementation of ¶¶ II B(1) and III B(2) of this Court's Order of February 16, 1973, defendants, their successors, agents and employees, are required and enjoined within 60 days of the date of the Supplemental Order to commence enforcement proceedings by administrative notice of hearing or any other means authorized by law against each of the school districts identified in Attachment B, in order to effect compliance with Title VI.

### D. 39 Unresolved Swann Districts.

◼ In its February 16, 1973 Order, this Court found 85 school districts presumptively in violation of *Swann* and Title VI because they had one or more schools substantially disproportionate in their racial composition. This Court ordered defendants to communicate with each of these districts promptly, putting them on notice to rebut or explain the substantial racial disproportions (¶ III B(1)). HEW has done so. Thirty-one of these districts have since been found in compliance by HEW, and 15 others are in litigation or under court order. Thirty-nine [3] of the districts remain unresolved more than 25 months after the issuance of this Court's Order, but HEW has not initiated enforcement proceedings against any of them. The time for securing compliance by merely voluntary means in these districts has passed.

WHEREFORE, defendants, their successors, agents and employees, are required and enjoined within 60 days from the date of this Order to commence enforcement proceedings by administrative notice of hearing or any other means authorized by law, in order to effect compliance with Title VI by each of the school districts identified in Attachment C.

### E. Hundreds of School Districts Subject to Court Desegregation Orders.

◼ This Court's Order of February 16, 1973 (¶ V B(2)) required HEW to bring its findings of court order violations to the attention of the court concerned. Since that Order issued, HEW has identified numerous southern districts subject to judicial desegregation orders which, in violating or apparently violating Title VI, are in violation of said court orders.

In cases where the United States is a party, HEW has referred some of this information of violations or presumptive violations of court orders to the Justice Department, but none of the information has been brought to the attention of the

---

3. Defendants have admitted that 21 of these 39 districts remain unresolved, claiming that 18 districts of the 39 are now in compliance. Since we are not advised either of the names of said districts or the reasons why they should not be still included, they are covered by this Order.

courts concerned. In cases of orders resulting from private litigation, such information has not been conveyed either to the courts or to the private attorneys of record.

WHEREFORE, in supplementation of ¶ V B(1) and (2) of this Court's Order of February 16, 1973, defendants, their successors, agents and employees, through the Justice Department or other means, are required and enjoined within 120 days of the date of this Supplemental Order to call to the attention of the courts concerned each of the violations or presumptive violations of court orders, unless defendants have made an administrative determination of compliance by the school district within the 120-day period.

F. *Future HEW Compliance with Title VI.*

■ This Court has ruled in this case that HEW has a duty to commence prompt enforcement activity upon all complaints or other information of racial discrimination in violation of Title VI, and that where it appears that a school district is in violation or presumptive violation of Title VI the agency has a duty under Title VI to commence enforcement proceedings by administrative notice of hearing or any other means authorized by law where efforts to obtain voluntary compliance do not succeed within a reasonable period.

HEW has often delayed too long in ascertaining whether a complaint or other information of racial discrimination constitutes a violation of Title VI. HEW has also frequently failed to commence enforcement proceedings by administrative notice of hearing or any other means authorized by law although the efforts to obtain voluntary compliance have not succeeded during a substantial period of time. As shown in Section D above, in 39 "unresolved" *Swann* districts, HEW, having failed during a substantial period of time to achieve voluntary compliance, has not commenced enforcement proceedings by administrative

notice of hearing or any other means authorized by law. Apart from the school districts expressly covered by this Court's February 16, 1973 Order, HEW has not initiated a single administrative enforcement proceeding against a southern school district since the issuance of this Court's Order 25 months ago.

WHEREFORE, defendants, their successors, agents and employees are required and enjoined hereafter to carry out their Title VI enforcement activities affecting public school districts in the 17 southern and border states according to the following schedule:

(a) Within 90 days of receipt by HEW of a complaint or other information of racial discrimination, determine for administrative purposes whether the district is in or out of compliance with Title VI;

(b) Wherever there is not a determination of compliance by the 90th day, attempt to secure compliance through voluntary means for an additional period not to exceed 90 days;

(c) Where such compliance is not secured within 180 days of the receipt of the complaint or other information of racial discrimination, commence within 30 days thereafter an enforcement proceeding through administrative notice of hearing or any other means authorized by law.

G. *Supplemental Reporting Provision.*

Supplementing the reporting provisions in this Court's Order of February 16, 1973, defendants, their successors, agents and employees, are required and enjoined to provide in verified form to counsel for plaintiffs within 150 days of the date of this Supplemental Order, and at the time of all subsequent reports required by this Court's February 16, 1973 Order, a summary of all steps taken to comply with the injunctive provisions set forth in the preceding paragraphs.

*Attachment A*

## SUBSTANTIAL RACIAL DISPROPORTION DISTRICTS

**ARKANSAS**
Jonesboro School District # 1

**DELAWARE**
Caesar Rodney
De La Warr School District
Newark

**FLORIDA**
Levy County
Monroe County

**GEORGIA**
Madison County
Thomasville City

**KENTUCKY**
Covington City
Elizabethtown Independent
Warren County

**LOUISIANA**
Allen Parish
Vernon Parish

**MARYLAND**
Baltimore County
Caroline County
Cecil County Public Schools
Frederick County
Howard County
Montgomery County Pub. Sch.
Talbot County
Washington County

**MISSISSIPPI**
Lee County

**MISSOURI**
Cape Girardeau Public # 63
Joplin R–8
Poplar Bluff R–1
Special Sch. Dist. of St. Louis
Springfield R–12

**NORTH CAROLINA**
Burke County
Caswell County
Chatham County
Hoke County
Jackson County
Madison-Mayodan City
Onslow County
Pender County
Polk County Bd. of Educ.
Randolph County
Roanoke Rapids Graded School
Rowan County Schools
Shelby City Schools
Stanly County
Swain County Schools
Union County
Vance County
Wayne County
Wilkes County

**OKLAHOMA**
Altus
Bristow
Claremore City
Durant Public Schools
Enid Public Schools
Moore
Moton
Norman
Sapulpa City Schools
Shawnee

**SOUTH CAROLINA**
Aiken County
Bamberg County 01
Charleston County School Dist.
Edgefield County
Greenwood County 50
Marion County 01
Orangeburg County 02
Pickens County
Richland County 01
Richland County School Dist. # 2
Spartanburg County 02
Spartanburg County 06
Spartanburg County 07

**TENNESSEE**
Athens City Schools
Dyer County
Hamilton County
Hardeman County Bd. of Educ.
Lincoln County
Morristown City
Williamson County

Mingo County
Ohio County

**TEXAS**
Alamo Heights ISD
Alice Ind. School Dist.
Amarillo ISD
Arlington ISD
Bay City ISD
Brazosport Independent School
Cleburne ISD,
Cotulla Ind. School Dist.
Dumas ISD
East Central ISD
Edinburg CCN Ind. Sch. Distr.
El Campo Independent School Dist.
El Paso Independent School Dist.
Gainesville Ind. School Dist.
Gregory-Portland ISD
Harlandale ISD
Harlingen CISC
Hereford Indept. School Dist.
Irving Independent
Kerrville ISD
La Porte Indep. Sch. Dist.
Livingston Independent School
Marfa Ind. School Dist.
McAllen Ind. School District
Morton Ind. School Dist.
New Boston ISD
New Braunfels ISD
North Forest ISD
Palestine Ind. School District
Pampa Indep. Sch. Dist.
Pasadena Ind. School Dist.
Pecos-Barstow Consolidated ISD
Pleasanton ISD
Round Rock ISD
Sherman Ind. School District
South San Antonio ISD
Southwest ISC
Tuloso-Midway Ind. School Dist.
United Independent School Dist.
Vernon Consolidated Independent
Wharton Ind. Sch. Dist.
Ysleta Independent Sch. Dist.

**VIRGINIA**
Fairfax County
Prince William County

**WEST VIRGINIA**
Fayette Co. Bd. of Educ.
Marion County Bd. of Educ.
Mineral County

*Attachment B*

**EMERGENCY SCHOOL AID ACT DISTRICTS**

**ARKANSAS**
Bearden PS

**MARYLAND**
Caroline Co.

**NORTH CAROLINA**
Chatham

**SOUTH CAROLINA**
Lexington Co. # 2 SD
Spartanburg Co. # 7

**TEXAS**
Harlandale PS

*Attachment C*

**UNRESOLVED SWANN DISTRICTS**

**ARKANSAS**
Hot Springs § 6
South Miss

**FLORIDA**
Martin Co.

**GEORGIA**
Hall Co.
Normandy Co.

**MARYLAND**
St. Mary's Co.
Worcester Co.
Baltimore

**MISSISSIPPI**
Greene Co.

**MISSOURI**
Webster Grove
Columbia
St. Louis
Kansas City
University City
Kirkwood
Maplewood-Richmond
Ritenour Consol. S. D.

NORTH CAROLINA
  Kings Mountain City
  Cherokee Co.

SOUTH CAROLINA
  Union Co.
  Horry Co.
  Florence
  Lancaster Co.
  Anderson # 5

TEXAS
  Harding-Jefferson
  San Antonio
  Northside
  McKinney
  Monahans-Wickett-Pyoke
  Fort Bend
  Lamar
  Texarkana
  Plainview
  Brownwood
  Kingsville
  Galveston
  Jacksonville
  Sweetwater

WEST VIRGINIA
  Kanawha Co.